**QUAN JIN ZHENG, Petitioner,**

**v.**

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 05–6670–ag.**

United States Court of Appeals, Second Circuit.

Sept. 24, 2007.

Lorance Hockert, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Rita R. Valdrini, Acting United States Attorney; Betsy Steinfeld Jividen, Assistant United States Attorney; Brian P. Hennelly, Third Year Law Student, Wheeling, WV, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Quan Jin Zheng, a native and citizen of the People's Republic of China, seeks review of a November 23, 2005 order of the BIA denying his motion to reopen removal proceedings. *In re Quan Jin Zheng,* No. A 72 054 802 (B.I.A. Nov. 23 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Zheng's motion to reopen based on his failure to abide by the numerical limitations. The regulations permit only one motion to reopen removal proceedings, and the instant motion was Zheng's second. 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly determined that Zheng was not eligible for an exception to the numerical limitation requirement; he failed to submit any evidence establishing a change in country conditions in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Thus, the BIA properly denied Zheng's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.